**DENIED and Opinion Filed May 20, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-19-00520-CV**

**No. 05-19-00521-CV**

**IN RE GENTRY S. LEONARD, Relator**

**Original Proceeding from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause Nos. M18-62976-I & M18-62478-I**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Reichek
Opinion by Justice Reichek

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on his (1) motion for a speedy trial, (2) motion to quash and dismiss, (3) motion to suppress, and (4) pretrial application for writ of habeas corpus purportedly filed below. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of certain documents, including any order complained of, any other document showing the matter

complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Here, the mandamus record does not include certified or sworn copies of the motions and habeas application and does not include certified or sworn copies of the trial court's docket sheet or other proof that establishes relator filed the motions and habeas application, requested a hearing and/or ruling on the motions and application, and the trial court has failed to act on relator's requests within a reasonable time. TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a). The record is insufficient to establish that the motions and habeas application were properly filed and timely presented and that the trial court was asked to rule but failed to do so within a reasonable time. As such, relator has not established a violation of a ministerial duty and is not entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

190520F.P05